COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


GEORGE HAYWOOD BELL
                                    MEMORANDUM OPINION* BY
v.        Record No. 0799-95-1      JUDGE NELSON T. OVERTON
                                         JUNE 11, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Thomas R. McNamara, Judge

            B. Cullen Gibson for appellant.

            Richard H. Rizk, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.



     George Bell appealed his conviction of burglary on the

ground that his preliminary hearing was held in the general

district court instead of the juvenile and domestic relations

court.  We granted the appeal and affirmed the judgment below

without reaching a decision on whether Code § 16.1-241(J) applies

to Bell.  The Supreme Court of Virginia, on April 10, 1996,

remanded the case to this Court for reconsideration.  Upon

rehearing, we affirm Bell's conviction on the basis that Bell's

status does not entitle him to a preliminary hearing before the

juvenile and domestic relations court.

     Bell burglarized the house of the widow of his father.  He

was brought before general district court for a preliminary

hearing, indicted, and tried in the circuit court.  Bell pled

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

guilty at a bench trial.  The facts of the burglary as well as the fact that he was the illegitimate son of the victim's deceased husband were stipulated.  In accordance with the plea agreement, the judge sentenced Bell to 10 years, with 5 suspended.

The juvenile and domestic relations courts have exclusive, original jurisdiction in certain cases:

> J. All offenses in which one family or household member is charged with an offense in which another family or household member is the victim and all offenses under § 18.2-49.1.

> In prosecution for felonies over which the court has jurisdiction, jurisdiction shall be limited to determining whether or not there is probable cause. . . .  For purposes of this subsection, "family or household member," as defined in § 16.1-228, shall also be construed to include parent and child, stepparent and stepchild, brothers and sisters, and grandparent and grandchild, regardless of whether such persons reside in the same home.

Code § 16.1-241(J).  Bell contends that he is a stepchild of the victim.  We disagree.

By common usage and ordinary dictionary definition, a stepchild is a "child of one's wife or husband by a former marriage."  Webster's Third New International Dictionary 2237 (1993) (emphasis added); see American Heritage Dictionary 1194 (2d ed. 1985).  Without a former marriage no stepchild is possible.  Other jurisdictions have adopted the requirement of a previous marriage before one can be considered a stepchild or stepparent.  See In re Workers' Compensation Death Benefits of Gathier, 797 P.2d 208 (Mont. 1990); State v. Buckles, 508 N.E.2d

54 (Ind. Ct. App. 1987); <u>Strickland v. Deaconess Hosp.</u>, 735 P.2d 74 (Wash App.), <u>review denied</u>, 108 Wash. 2d. 1028 (1987); <u>Zaragoza v. Capriola</u>, 492 A.2d 698 (N.J. Super. 1985); <u>B-B v. Califano</u>, 476 F. Supp. 970 (M.D. Ga. 1979), <u>aff'd</u>, <u>B. on behalf of B. v. Schweiker</u>, 643 F.2d 1069 (5th Cir. 1981); <u>Flanagan v. Railroad Retirement Bd.</u>, 332 F.2d 301 (3d Cir. 1964); <u>Dangerfield v. Indemnity Ins.</u>, 24 So. 2d 375 (La. 1945). Bell stipulated that he was the illegitimate child of the victim's deceased husband, conceding that he was not born of a previous marriage.

Bell falls neither in the technical definition of a stepchild nor in the statutory intent to protect and preserve family harmony. Consequently, the general district court was the proper forum for the defendant's criminal prosecution to begin.

<u>Affirmed.</u>