No. 12902

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ABE KLEIN,

                    Claimant and Respondent,

        -vs-

INDEPENDENT WHOLESALE ASSOCIATED
GROCERS, and
STATE INSURANCE FUND,

                    Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellants:

        Harris, Jackson and Utick, Helena, Montana
        Andrew J. Utick argued, Helena, Montana

    For Respondent:

        Fillner and Snyder, Billings, Montana
        Charles E. Snyder argued, Billings, Montana

---

                            Submitted:  April 7, 1975
                              Decided:  JUL 2 1 1975

Filed:  JUL 2 1 1975

            *Thomas J. Kearney*
                              Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Yellowstone County, reversing a decision of the Workmen's Compensation Division and entering judgment for payment of workmen's compensation benefits.

After a hearing before the Workmen's Compensation Division (hereinafter referred to as the Division) on September 12, 1973, wherein claimant Abe Klein sought workmen's compensation based upon his claim filed with the Division some three years and seven months after the date of his accident, the Division found claimant entitled to compensation; set the award; and then denied the compensation for failure to submit his claim within the statutory one year period set forth in section 92-601, R.C.M. 1947.

The district court reversed the Division's order and awarded compensation at the rate of 62 1/2% of the claimant's wage loss up to a statutory maximum of $46 per week and remanded the case to the Division for a determination of claimant's actual wage loss.

On or about June 23, 1967, while in the employ of Independent Wholesale Associated Grocers as a mechanic, claimant suffered an on the job injury. The employer was insured under Plan III of the Montana Workmen's Compensation Act, the insurer was the State Insurance Fund. Claimant has an eleventh grade education. His work experience is in the area of heavy duty mechanics and evidence at the hearing revealed claimant is now unable to do this type of work.

After his injury claimant continued to work at his job as a mechanic, losing only two or three days of work, until his employment was terminated on February 28, 1970.

- 2 -

The Division received at its office in Helena, four days following the accident, the attending physician's first report sent in by Dr. Gary V. Dols, a chiropractor, describing claimant's injury as a "lumbar sacral strain" and giving the date and details of the accident. Dr. Dols also sent in periodic medical reports and medical bills. A file number was assigned to claimant's case. Dr. Dols indicated claimant would lose three to five days of work and there would be no permanent disability. Within 30 days of the accident the Division also received the employer's first report of injury in greater detail with respect to the type of accident and injury and the wages earned by claimant at the time of the accident.

On October 30, 1967, the Division sent this letter to claimant:

"October 30, 1967

"Re: Accident --- 8944-C-52--Abe Klein

"Abe Klein
1204 Harney Drive
Billings, Montana

"Dear Sir:

"Notice has been given that you have had an injury covered by the Workmen's Compensation Act. If this is true, you may protect your rights by using the enclosed blank to make a claim for compensation.

"PLEASE FOLLOW THESE INSTRUCTIONS CAREFULLY.

"1. Write plainly with ink or typewriter.
"2. Give the facts with particular care to describe the accident itself fully.
"3. State exactly the days physically disabled and the amount of wages--in figures--lost for each of these days.
"4. Be sure to enter the birthdates (month,day, year) of dependent children, sign the claim and show your correct mailing address.
"5. The law provides that you must file your claim within ONE YEAR after the accidental injury. Failure to do so will bar you from receiving compensation.
"6. Under the law, you are entitled to hospital and medical benefits and if you lose wages, compensation

payable every two weeks.  For further information you may write to the Board at any time.

> "Very truly yours,
>
> "INDUSTRIAL ACCIDENT BOARD
>
> "/s/ Margaret Condon
>    Secretary."

A Form 54 was enclosed, the form used by the Division for the employee to make a claim for compensation.

Claimant on December 28, 1967, on the back of the letter sent by the Division, responded to the Division:

"12-28-67

"Gentlemen:  I was off work 4 days due to accident mentioned.  If I'm applicable for Compensation please notify, & I will fill out form received.

"Thank you,

"/s/ Abe Klein
    1204 Harney Dr.
    File #8944-C-52."

In response to claimant's letter of December 28, 1967, the Division sent this correspondence to claimant:

"January 9, 1968

"Re:  Accident 8944-C-52 - Abe Klein

"Mr. Abe Klein
 1204 Harney Drive
 Billings, Montana

"Dear Mr. Klein:

"Regarding your recent note in response to our mailing of a claim for Compensation for your completion you should be advised that was merely sent to you for protection in the event that you may incur later problems as a result of your June 23 injury.  As you are aware Dr. Dols has referred you to Dr. Perry Berg and indicated in reports to us that he feels that you may have a disc involvement which could eventually cause disability and we therefore feel that you should complete this form at your convenience and return although no compensation benefits would be due at this time.

"If you desire any further clarification in this regard I suggest you call our Field Representative who lives in Billings, Mr. Harold Winfield."

The letter was signed by J. J. Carden, Claims Manager for the Division.

- 4 -

Claimant did not fill in Form 54. He did, however, contact Mr. Winfield, who visited the claimant on May 14, 1968, and authorized a 30 day treatment period with Dr. Dols. Subsequently, on or about June 15, 1968, about eight days before the expiration of the claim filing period, Mr. Winfield again contacted claimant and gave him another Form 54 and explained that such form had to be filed within one year of the accident. He cautioned claimant that the filing period was about to expire; and advised claimant to file the form in order to protect his right to compensation in the event his condition worsened.

On January 19, 1971, claimant filed for compensation. The State Insurance Fund paid medical benefits totaling $174, which represents all medical bills submitted on the claim which were incurred within three years of the accident.

On September 12, 1973, hearing was held to determine claimant's right to compensation. On January 21, 1974, the Division adopted findings of fact and conclusions of law that established the claimant suffered a compensable "lumbar sacral strain"; that due to his wage loss claimant was entitled to maximum temporary benefits of 62 1/2% of his wages or a statutory maximum of $46 per week, and permanent partial disability compensation benefits of 62 1/2% of his wage loss, or a statutory maximum of $36 per week under the applicable amendment in effect at the time of his accident. The Division further found that claimant failed to file a claim for compensation, Form 54, within the statutory period of one year as required by section 92-601, R.C.M. 1947. From those findings of fact, the Division concluded:

> "That the claimant, Abe Klein, failed to submit a Claim for Compensation, form #54, within the statutory one year period as commanded by section 92-601 and for this reason, his claim must be and is hereby denied."

On claimant's appeal to the district court the matter was submitted on the transcript from the Division and no new evidence was offered.

On September 27, 1974, the district court entered its findings of fact and conclusions of law, reversing the Workmen's Compensation Division. In its conclusions of law, the district court said:

"1. The letter of claimant dated December 18, 1967, signed by claimant and not requiring oath, presented the 'claim' of claimant to the division within the meaning of R.C.M. 1947, Section 92-418.

"2. Even if the Division did not consider the December 28, 1967 letter a 'claim', the division knowing the extent of claimant's injury, had the duty to fully advise the claimant and to see to it that claimant's rights were protected; this was particularly true when the Division had notified claimant that he could complete the form 54 at his convenience and that he was not entitled to compensation at that time. That claimant did not understand, or was not fully advised, of the importance or purpose of the form 54 is obvious from the fact that he did not complete one. By failing to protect claimant's rights under the law, the Division is equitably estopped from later denying compensation to claimant."

The Division appeals from the district court's judgment.

The only issue before this Court is whether or not claimant's letter to the Division, dated December 28, 1967, constitutes a claim within the meaning of section 92-601, R.C.M. 1947, before amendment in 1973. We find that it does not.

Upon appeal, the presumption is that the Division decided the case correctly. Moffett v. Bozeman Canning Co., 95 Mont. 347, 26 P.2d 973. The district court is justified in reversing the findings of the Division only where there exists a clear preponderance of the evidence against the Division's findings. Meznarich v. Republic Coal Co., 101 Mont. 78, 53 P.2d 82; Beatty v. Wellman Power and Gas, Inc., #12792, opinion handed down July 8, 1975, ____Mont. _____, _____P.2d _____, 32 St.Rep. 680.

Section 92-601 is a notice statute which then provided:

"In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board as the case may be, within twelve months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf."

Section 92-117, R.C.M. 1947, provides that the Division shall print the forms necessary for the administration of the Workmen's Compensation Act. Rule 10 of the Rules of Procedure of the Division provides that every claim for compensation shall be initiated by filing of Form 54.

The fact that claimant failed to properly complete and file Form 54 is not in dispute. This he failed to do after he was given no less than three such Form 54's and was asked by the Division to complete the form each time.

Claimant argues that his lettter dated December 28, 1967, was sufficient notice within the requirements of section 92-601. With that argument this Court cannot agree. Claimant specifically states in his letter:

> "If I'm applicable for Compensation, please notify, & I will fill out form received."

Obviously, claimant did not intend his letter to be his notice for claim, for if he had so regarded it, he would not have made reference to filling out a Form 54. By stating that if he was "applicable" he would fill out the form received, he obviously understood the proper procedure to follow.

Claimant argues the Workmen's Compensation Act must be interpreted liberally, citing Murphy v. Anaconda Company, 133 Mont. 198, 321 P.2d 1094, and other cases. There is no question but that the Act must be liberally interpreted. We cannot, however, liberally construe a statute to the point of repealing it. When no effort was made by claimant to comply with the statute, it will not do to have claimant turn around and attempt to get in under the gun by having this Court liberally construe the statute in his favor.

Claimant argues further that the Division is equitably estopped from denying his claim. We find no merit in that argument. The Division did everything in its power to get claimant to comply with the statute, short of completing the form itself, which it is

- 7 -

not required to do. Claimant argues the letter from Mr. Carden stating claimant could complete the form at his leisure misled claimant into believing there was no real hurry in completing the form. If Mr. Carden's letter had been the only communication between claimant and the Division, there might be some basis to that argument. However, in light of the fact claimant received a notice from the Division explaining the year deadline, and in light of the fact that Mr. Winfield personally warned claimant that his time for filing was running out, there is just no foundation to support that argument.

The judgment of the district court is reversed.

_____
Justice

We Concur:

_____

_____
Hon. E. Gardner Brownlee, District
Judge, sitting for Chief Justice James
T. Harrison.

- 8 -

Mr. Justice Gene B. Daly dissenting:

I dissent. The general overriding reason for a notice statute, such as the one in question here, is to prevent injustice. That is to prevent the filing of stale or fraudulent claims far removed from the time of the claimed injury so as to put the employer or insurer in an untenable position to defend or investigate. Secondarily, there must also be rules and orderly procedure and finality in all matters. The result reached by the majority here produces a harsh and unjust result upon a claimant with an undisputed, honest claim which produced a severe disability.

Section 92-601, R.C.M. 1947, is a notice statute which then provided:

> "In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within twelve months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf."

The Division argues it has the right under section 92-117, R.C.M. 1947, to determine which forms are to be used to promote the efficient administration of the Workmen's Compensation Act. Rule 10 of the Rules of Procedure of the Division provides, in part, that "Every claim for compensation shall be initiated by filing of form 54, claim for compensation." Therefore, it argues, the only valid claim form is Form No. 54, claim for compensation or a communication of similar content.

There is no doubt the ideal situation for the Division would be to have every form filled out properly with the correct information, dated, signed, and filed on time. But realistically this can not always be done. Forms are a constant source of confusion. The entitlement of "Form 54" is a source of confusion in that it is titled "Claim for Compensation", although section 92-601 requires that a claim be filled out within a year of the accident, before many injured persons are aware their injury entitles them to compensation, such as the instant case.

Workmen's compensation deals with many individuals in all walks of life; not all are sophisticated, nor are all highly educated. The Montana legislature has mandated, and this Court has held, that the Workmen's Compensation Act must be liberally construed in favor of the claimant. Section 92-838, R.C.M. 1947; Grief v. Industrial Accident Fund, 108 Mont. 519, 526, 93 P.2d 961; Murphy v. Anaconda Company, 133 Mont. 198, 321 P.2d 1094, 1097.

Section 92-601, R.C.M. 1947, does not state that Form 54 must be submitted to the Division. It merely requires that a claim in writing be made under oath. This Court in Chisholm v. Vocational School for Girls, 103 Mont. 503, 507, 64 P.2d 838, held that the techinical requirement of the notice to be given under oath is not required. Therefore, the only requirement of section 92-601 is that written notice be given.

Here, claimant wrote to the Division in reply to a letter from the Division about his accident. He acknowledged that he had been injured; that he had been off work; and, if "applicable" for compensation he would like to be notified. The Division was fully aware that an accident had occurred and the details of the accident by virtue of the employer and medical contacts set forth heretofore. Yet, in answer to claimant's request for advice, the Division manager advised that claimant was not eligible for a claim at present, but that he should fill out form 54 at his convenience.

The Division should have known that claimant did not fully understand the importance of filing form 54, because he had failed to do so. Under such circumstances it must act to protect claimant's rights by helping him complete the form, if necessary. By failing so to do the Division is estopped from denying claimant his claim, for having failed to file a particular form.

If there was any necessary information desired by the Division not contained in claimant's letter, the physician's report, and the employer's report, all of which the Division had in its

files, Mr. Winfield, the field agent for the Division, could have easily acquired it on one of his several visits with claimant. Winfield testified that when claims have inadequate information, it is customary for him to further investigate.

This is not to say that the requirements of the Division or the statutes can be ignored nor that the Division must file the required form for claimants in all cases. In Yurkovich v. Industrial Accident Board, 132 Mont. 77, 314 P.2d 866, this Court held that it was not the duty of the Board to go out and solicit claims and each case must be determined on its own facts, circumstances and the law applicable. Yet, it is the duty of the Board to fully advise the injured workman when he comes to the Board and asks for information. The Court further held that this placed the Board in a position of trust and it was obligated to investigate on its own, if necessary, to determine entitlement to compensation by the injured workman. Failure to do so in Yurkovich resulted in the Court denying the Board, by estoppel, the benefit of the statute of limitations.

Here, the Division argues the claimant was not misled, as is required to invoke equitable estoppel, and cites numerous cases wherein an insurance company, a doctor, a company lawyer, a city clerk and mayor actively misinformed the injured workman and estoppel resulted and would urge this factual situation as a condition precedent to invoking the doctrine. It recites language from Ricks v. Teslow Consolidated, 162 Mont. 469, 512 P.2d 1304, to support its position. We agree with the law as stated in Ricks . It merely restates that the doctrine will be applied if there have been affirmative acts which prevent the claimant from filing or lead him to believe he need not do so. The facts here still must control the result reached in the present cause. The language of Levo v. General-Shea-Morrison, 128 Mont. 570, 576, 280 P.2d 1086, cited to the Court by the Division, is particularly appropriate:

- 11. -

"The doctrine of equitable estoppel is a flexible one, founded in equity and good conscience; its object is to prevent a party from taking an unconscionable advantage of his own wrong while asserting his strict legal right. Seemingly the only strict legal right that we are asked to adhere to is the statute which was passed solely for the benefit of the employer and the insurance carrier, i.e., the Statute of Limitations. * * *

"* * * Certainly, if there is any circumstance wherein the doctrine of equitable estoppel should be extended, it is in matters concerning an injured workman, where the law itself says that the Workmen's Compensation Act shall be construed liberally."

The judgment of the district court should be affirmed.

                                        _____
                                                Justice.

.. ............................

Mr. Justice Frank I. Haswell dissenting:

I dissent and concur in the foregoing dissent of Mr. Justice Gene B. Daly.

                                        _____
                                                Justice.

- 12 -