No. 87-258

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

FRANK WEIGAND,

        Claimant and Respondent,

    -vs-

ANDERSON-MEYER DRILLING CO.,

        Employer,

   and

HOME INSURANCE COMPANY,

        Defendants and Appellants.

APPEAL FROM:  Workers' Compensation Court of the State of Montana
             In and For the Area of Great Falls
             The Honorable Timothy Reardon, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

        David E. Bauer; Marra, Wenz, Johnson & Hopkins, P.C.
        Great Falls, Montana

    For Respondent:

        Donald R. Marble; Marble & Seidlitz, Chester, Montana

Submitted on Briefs:  February 4, 1988

Decided:  June 21, 1988

Filed: JUN 21 1988

_____
             Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants Anderson-Meyer Drilling Company and Home Insurance Company appeal from the judgment of the Workers' Compensation Court. The Workers' Compensation Court held that Frank Weigand is not barred from compensation by the statute of limitations provision, § 39-71-601(1), MCA. The court further held that the Weigand's present condition is the result of a previous compensable injury and thus the defendants are liable. We affirm.

The defendants present two issues on appeal. They are:

(1) Whether the Workers' Compensation Court erred in finding that Weigand satisfied the filing requirements of § 39-71-601(1), MCA; and,

(2) Whether there was sufficient evidence to support the Workers' Compensation Court's conclusion that Weigand's present condition is the result of his February 11, 1982, injury.

On February 11, 1982, Frank Weigand injured his left knee when he slipped on ice and hit his knee cap on the angle iron steps of the defendant's oil rig. It is uncontested that Weigand suffered an industrial accident arising out of and in the course of his employment with Anderson-Meyer Drilling Company. Anderson-Meyer was enrolled under Plan II of the Worker's Compensation Act with Home Insurance Company being its insurer.

Weigand immediately informed his supervisor of the injury but was able to finish his shift. Weigand had his knee examined at Trinity Hospital in Wolf Point. The examination revealed an injury to the lateral cartilage of the left knee requiring surgery. The operative report revealed that Weigand had an "extremely degenerative (shredded) left lateral meniscus" which was removed during surgery.

Following a brief stay in the hospital Weigand was released and immediately returned to work.

Subsequent to the accident Weigand assisted the defendant/employer in completing a Employers First Report, which was filed with Home Insurance. The attending surgeon also filed the attending Physician's First Report with the insurer as well as his bill for $839.69. Trinity Hospital in Wolf Point submitted a bill to the insurer for Weigand's surgery in the amount of $2,260.15. These bills were paid by the insurer along with some smaller additional charges and are not an issue in the case.

Weigand's work history subsequent to his 1982 injury consists of oil field jobs and ranch work. While working on his father's ranch during the summer of 1985 Weigand began experiencing increasing pain in his knee. Weigand's pain was not due to a new injury or accident but appeared to be the result of everyday wear and tear on the previously injured knee. In August, 1985, Weigand had his knee examined by Dr. James Hinde. Hinde found that Weigand had a degenerative left knee. Hinde felt although there was some deterioration prior to the 1982 injury, the condition was significantly aggravated by the fall and resulting surgery. Hinde further found that the 1982 injury and the subsequent surgery are significant factors in the continued degeneration of Weigand's knee. Hinde concluded that it was his opinion that Weigand's degenerative knee condition would preclude him from engaging in any of his former occupations.

Although the insurer had sent Weigand at least two letters instructing him to complete a form 54 immediately following the accident, he failed to do so. (Form 54 is the standard claim form utilized by insurers). However, Weigand did file a form 54 compensation claim in March, 1986.

The defendant denied Weigand's claim for compensation contending that Weigand did not file a claim within one year as required by § 39-71-601, MCA. The defendant further alleged that Weigand's present difficulties were not the result of his 1982 injury. On June 10, 1986, the Worker's Compensation Court held a hearing on the matter. The court concluded that the requirements of § 39-71-601, MCA, had been satisfied and that Weigand's current condition is the result of his injury in 1982. From this judgment the defendants appeal.

The first issue that must be examined is whether the Workers' Compensation Court erred in finding that Weigand satisfied the filing requirements of § 39-71-601(1), MCA. When reviewing questions of law in workers' compensation cases, the standard of review is whether the lower court's interpretation of the law is correct. Poppleton v. Rollins, Inc. (Mont. 1987), 735 P.2d 286, 288, 44 St.Rep. 644, 646. We conclude that the Workers' Compensation Court correctly interpreted the law.

In the immediate case it is uncontested that Weigand was injured in an industrial accident in February, 1982, and that he failed to file a form 54 within one year. Weigand did, however, assist in preparing the Employer's First Report. Thus, the issue before the Court is whether submission of a form 54 is the exclusive method of filing a claim.

The focal point of the controversy is § 39-71-601, MCA. It provides:

> Statute of limitation on presentment of claim -- waiver. (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.

- 4 -

In Scott v. Utility Line Contractors (Mont. 1987), 734 P.2d 206, 44 St.Rep. 547, this Court had an opportunity to construe § 39-71-601, MCA, under very similar circumstances. In Scott, as in the present case, the claimant was injured in 1982 and sought to file a compensation claim in 1986. The claimant in Scott also did not file the standard workers' compensation claim form (form 54) for his injury, nor did he sign the Employer's First Report. However, there was a completed Employer's First Report submitted to the insurer as well as a medical report which was also submitted to the insurer. This Court affirmed the decision of the Workers' Compensation Court finding Scott presented his claim within one year, thus satisfying § 39-71-601, MCA. We held the Employer's First Report contained ample information to clearly inform the employer and the division of the nature and basis of Mr. Scott's possible claim. Scott, 734 P.2d at 208, 44 St.Rep at 547. This Court further stated the medical report included indications that a claim could likely result from Scott's injury. Scott, supra.

In the present case Weigand immediately told his supervisor of the accident. Weigand assisted the employer in completing the Employer's First Report, which was submitted to the insurer within two months of the accident. The attending physician's first report was also submitted to the insurer well within the twelve-month period. In this case as in Scott, the defendant was provided with and received ample information to be informed of the nature and the basis of Weigand's possible claim. We find that the mandate of § 39-71-601(1), MCA, has been satisfied.

This issue is controlled by the holding in Scott. The facts are nearly identical except as to the time involved. The earlier case of Klein v. Independent Wholesale Associated Grocers, et al. (1975), 167 Mont. 341, 538 P.2d 1358, was not

discussed in Scott, and here the employer and insurer rely on Klein. The deciding point, however, is that there was presented to the employer, and through the employer to the insurer, by the assistance of Weigand, information in writing which gave all the details that a further form to be filled out and presented by Weigand would have given. The purpose of § 39-71-601 is fulfilled here. We determine to follow the holding in Scott, and anything contained in Klein or earlier cases to the contrary on this set of facts is expressly overruled.

The purpose of § 39-71-601, MCA, is to give the employer written notice of a worker's claims within twelve months of the injury or accident in order to allow the employer to investigate the claim and if necessary prepare a defense. Scott, supra. The facts of the present case clearly demonstrate that the objective of the statute has been achieved. We affirm the judgment of the Workers' Compensation Court finding that Weigand presented his claim within the time limits expressed in § 39-71-601, MCA.

The defendants next contend the Workers' Compensation Court erred in finding that there was substantial credible evidence to support the conclusion that Weigand's current condition is the result of his February 11, 1982, injury. We disagree.

The standard for reviewing the Workers' Compensation Court's findings of fact is whether the court's findings are supported by substantial credible evidence in the record. Poppleton, 735 P.2d at 288, 44 St.Rep. at 646. In the instant case, Dr. Hinde testified that although Weigand had a degenerative left knee prior to his 1982 injury the condition was aggravated by the injury. Hinde further testified that Weigand's 1982 injury and the subsequent surgery are significant factors in the degenerating condition of Weigand's knee.

Our function in reviewing these decisions is only to determine whether substantial evidence exists to support the findings and conclusions and we cannot impose our judgment as to the weight of the evidence.

Ridenour v. Equity Supply Co. (1983), 204 Mont. 473, 483, 665 P.2d 783, 788, citing Viets v. Sweet Grass County (1978), 178 Mont. 337, 583 P.2d 1070.

It is clear from the evidence in the record that substantial credible evidence exists to support the Workers' Compensation Court's finding that Weigand's present condition is the result of his injury of February 11, 1982. The judgment of the Workers' Compensation Court is affirmed. The case is remanded for a determination of benefits.

_____
John C. Sheehy
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent and I would reverse the judgment of the Workers' Compensation Court finding that the claimant presented his claim for compensation within the time limits set forth in § 39-71-601, MCA.

In my view, the majority has effectively repealed § 39-71-601, MCA in those cases where an Employer's First Report has been filed, and a medical bill has been submitted and paid.

Section 39-71-601 reads as follows:

> (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.
>
> (2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.

The Workers' Compensation Court Judge in Finding of Fact No. 24, found:

> The insurer, following the 1982 accident, sent and claimant received, <u>at least</u> two, and probably four, letters which stated as follows:
>
> "We have been advised you are claiming injury as the result of an accident which occurred on or about the above date. Please complete the enclosed Claim for Compensation in detail and return it immediately.
>
> If you were an employee of our insured on the date you were injured, and if your injury arose out of and in the course of your employment, you are entitled to

8

certain medical and disability benefits as set forth by law.

If you are disabled for more than five working days and lose wages, you are entitled to disability benefits. Even though you may not lose wages as a result of this injury, you should complete the enclosed form and return to this office. Should you have problems at a later date and this form has not been filed within one year from the date of accident, all future claims for disability may be barred.

. . .

If you have any questions regarding the benefits due you, please contact this office or the Division of Workers' Compensation, Helena, Montana."

The claimant did not respond to the insurer's request and failed to submit a written claim for compensation until March 6, 1986, more than four years after the injury. The insurer has thirty days from the receipt of the claim for compensation to accept or deny the claim. Section 39-71-606(1), MCA, reads as follows:

(1) Every insurer under any plan for the payment of workers' compensation benefits shall, within 30 days of receipt of a claim for compensation, either accept or deny the claim, and if denied shall inform the claimant and the division in writing of such denial.

In this case, claimant's counsel took the position originally that because the insurer had not denied the March 6, 1986 claim in writing within 30 days as required by § 39-71-606, MCA, the insurer should be held to have accepted the claim even though the injury had occurred more than four years earlier.

The majority, by dispensing with the legislated requirement of a written claim for compensation seems to be

creating uncertainty in what should be a certain procedure. What incident now triggers the thirty day period for an insurer to accept or deny a claim for compensation? Is it the receipt of the Employer's First Report, the receipt of a medical bill by the insurer, or a claim for compensation filed many years after the injury?

The majority states that Wiegand assisted the Employer in completing the Employer's First Report but that statement is not supported in the record and was not found by the court. The record shows that claimant's brother was employed on the same drilling rig and later drove the claimant to the doctor's office in Wolf Point. It appears that sufficient information was provided to the employer by someone that the First Report could be submitted but this Court has always required more in previous cases.

The Workers' Compensation Court found that the completion of form 54 by the claimant would not have given the employer any more information than it already had and suggested that the claimant may have been confused. Claimant's work history indicates that he had previously filed a Claim for Compensation for a 1978 injury and subsequently had filed a Claim for Compensation for a 1983 injury. That claim history would indicate a certain degree of sophistication and claimant's failure to respond in any manner to four solicitations of a claim for compensation should be construed to be a voluntary act.

I would defer to clearly expressed legislative intent and construe the claim requirements of § 39-71-601, MCA, as written, and would reverse the judgment of the Workers' Compensation Court.

_____
Justice

10