No. 86-520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JOHN F. SCOTT,

        Claimant and Respondent,

   -vs-

UTILITY LINE CONTRACTORS, Employer,

   and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Crowley, Haughey, Hanson, Toole & Dietrich; John T.
        Dyre, Billings, Montana

    For Respondent:

        Geoffrey R. Keller, Billings, Montana

---

Submitted on Briefs: Feb. 5, 1987

Decided:  March 18, 1987

Filed:  MAR 1 8 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The State Compensation Insurance Fund (State Fund) appeals a summary judgment of the Workers' Compensation Court. The court ruled that claimant John F. Scott had met the statutory requirements for making a workers' compensation claim within one year by obtaining medical help which was billed to the Division of Workers' Compensation, and by assisting his employer in completing an Employer's First Report form. We affirm.

The issue is whether the Workers' Compensation Court was correct in determining that Mr. Scott had made a "claim" within one year under § 39-71-601, MCA.

A stipulated set of facts was submitted to the court below. On October 10, 1982, Mr. Scott injured his right arm and shoulder while shoveling heavy mud for his employer, Utility Line Contractors, in Colstrip, Montana. He did not seek medical help until October 13, 1982, when he went to the emergency room at St. Vincent Hospital in Billings, Montana. The State Fund paid that medical bill. On November 2, 1982, Mr. Scott assisted his supervisor in completing an Employer's First Report form, which was then forwarded to the Division of Workers' Compensation. Mr. Scott has not completed a Form 54 claim and presented it to the Division of Workers' Compensation. A Form 54 is the usual form filed by claimants to present their claims.

Mr. Scott filed a petition for hearing before the Workers' Compensation Court on July 1, 1986. An issue arose as to whether he had met the one year limitation period set forth in § 39-71-601, MCA. Mr. Scott moved for summary judgment on this issue, with briefs and supporting exhibits filed by both parties. The court granted summary judgment to Mr. Scott, and the State Fund appeals.

2

The preliminary question of whether the summary judgment is now appealable is addressed in the State Fund's brief. It points out the usual requirement for Rule 54(b), M.R.Civ.P., certification of appeal of a partial judgment. However, the procedural rules of the Workers' Compensation Court do not allow for such certification. The State Fund argues that the factors usually considered by district courts ruling on Rule 54(b) certifications support consideration of this appeal now. These factors include separability of this issue and the remaining unadjudicated issues, little possibility for a need for a second review of this issue, absence of a counter-claim set-off factor, and considerations of delay and judicial economy. We conclude there is no just reason for delay in considering this issue.

Did the Workers' Compensation Court err in determining that Mr. Scott had made a "claim" within one year under § 39-71-601, MCA?

Section 39-71-601, MCA, provides:

> Statute of limitation on presentment of claim -- waiver. (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.
> (2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.

There has been no allegation of a lack of knowledge on the part of Mr. Scott of his disability so as to waive the time requirement. Therefore, the question is whether Mr. Scott presented his claim within 12 months of the accident.

3

The State Fund contends that determining Mr. Scott met the statutory requirement for presenting a claim is contrary to this Court's opinion in Wassberg v. Anaconda Copper Co. (Mont. 1985), 697 P.2d 909, 42 St.Rep. 388. In that case, the claimant was injured at work in June 1973. He filed a claim for compensation after the accident. He was again injured in July 1974. He did not file a claim for compensation after that accident. In 1976, the claimant saw a doctor for medical problems he described as arising out of the 1973 accident. In 1982, claimant's counsel brought an action for disability from the 1974 accident. The company denied liability because no claim had been filed within the one-year statute of limitations. The claimant argued that the company knew about the 1974 injury because his boss had filled out a "Report of Alleged Injury" and he had seen a doctor shortly after the accident. Claimant asserted that these facts showed either that the company had accepted liability or that the statutory period was waived. This Court analyzed the elements of equitable estoppel and concluded that they were not met. Specifically, it held that there was no duty of the employer to advise the claimant of the availability of the compensation claim procedure. Since the employer was not therefore estopped from asserting the one-year bar, the bar was applicable.

Here, the issue is not whether the employer is estopped from asserting the one-year bar. The Workers' Compensation Court decided this matter on another basis - that the actions taken were sufficient to constitute presentment of the claim within the year, as required by statute.

Mr. Scott did not file the standard workers' compensation claim form for this injury. He did, however, seek medical care three days after the injury, and had the bill sent to the Workers' Compensation Division. He also helped

4

his employer fill out the employer's report form, which included his name, social security number, address, date of birth, and wages; information about how the accident occurred and how he was injured; the name of a witness; the name of the physician and the place the injury was treated; and information about the employer. On the bottom of that form appears an "Employee's Claim for Compensation" form, also denominated Form 54. That portion, which Mr. Scott did not complete, requests the claimant's education, other types of work which claimant has done, number of members in claimant's family, and information on former industrial injuries. The claimant argued, and the Workers' Compensation Court agreed, that the purpose of § 39-71-601, MCA, was met under the circumstances here presented. That is, notice has been given to the employer to allow it to investigate and prepare to defend on the claim.

We conclude that the Workers' Compensation Court was correct in determining that Mr. Scott presented his claim within one year. The Employer's First Report form completed by Mr. Scott and his supervisor contained ample information to clearly inform the employer and the division of the nature and basis of Mr. Scott's possible claim. The medical report prepared three days after the injury also gave indications that a claim could likely result out of this injury. This contrasts with the situation in Wassberg, where the claimant did not clearly show that the employer and the division were aware of his possible claim from the 1974 injury. Further, in Wassberg, the claimant had one year previously filed a claim for injury, yet failed to do so for the injury in question. This indicated that he knew how to file, but did not do so. That factor is not present here.

5

We hold that the Workers' Compensation Court correctly determined that Mr. Scott met the presentment requirement of § 39-71-601, MCA.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices