No. 86-230

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

EVELYN FRANCES POPPLETON,

        Claimant and Respondent,

    -vs-

ROLLINS, INC., Employer,

    and

HOME INDEMNITY COMPANY,

        Defendant and Appellant.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Marra, Wenz, Johnson & Hopkins; Thomas A. Marra,
Great Falls, Montana

    For Respondent:

        Burgess, Joyce & Whelan; Thomas J. Joyce, Butte,
Montana

Submitted on Briefs: Sept. 11, 1986

Decided:  April 2, 1987

Filed:  APR 2 - 1987

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Rollins, Inc., and Home Indemnity Co., defendants and appellants, appeal an order of the Workers' Compensation Court allowing Evelyn Frances Poppleton, claimant and respondent, to pursue a claim for workers' compensation benefits. We affirm in part and reverse in part.

One issue is presented for our review:

Did the Workers' Compensation Court err when it held that a claimant may receive benefits under both the Occupational Disease Act and the Workers' Compensation Act?

Respondent Poppleton was employed as an officer manager of Orkin Exterminator Co., a division of Rollins, Inc., from 1976 to November 4, 1980. On June 10, 1980, while at work, she was overcome by fumes that invaded the workplace. Although she missed a few days of work because of the incident, Poppleton continued to work for Orkin until November 4, 1980. On that date she quit for medical reasons.

Respondent filed a claim for benefits in June 1980 with the Division of Workers' Compensation (the Division). The Division treated the claim as one for occupational disease benefits. In its October 23, 1981, notice of determination, it concluded that respondent was entitled to total disability benefits at the rate of $98.67 per week from November 4, 1980, the date of termination of her employment, to July 14, 1981, the date of examination by Dr. Anderson, who advised her to seek employment in a chemical-free environment.

On November 12, 1981, respondent filed a request for rehearing. A hearing examiner appointed by the Division denied the request on the basis of untimeliness. This ruling was affirmed by the Administrator of the Division of Workers' Compensation.

2

In April 1983, respondent requested the Division to allow her to file a claim for workers' compensation benefits for the incident which occurred on June 10, 1980. Poppleton stated that at the time of the determination of her claim, she did not realize that the accident might constitute an injury and, as such, would fall under the Workers' Compensation Act. The Division granted Poppleton's request. In response to this action, appellants filed a motion for summary judgment, alleging that respondent's claim should be barred by the doctrine of res judicata or collateral estoppel since she had already received benefits under the Occupational Disease Act.

A hearing examiner was appointed by the Division on July 27, 1983, to rule on appellants' motion for summary judgment. The examiner granted appellants' motion and ruled that respondent's claim was barred by res judicata. Respondent then appealed to the Administrator of the Division. The Division adopted the hearing examiner's proposed findings of fact and conclusions of law.

Respondent appealed the Division's ruling to the Workers' Compensation Court. The Workers' Compensation Court reversed the ruling of the Division and denied appellants' motion for summary judgment. The Workers' Compensation Court found that res judicata does not apply to the case at bar and allowed respondent to seek coverage under the Workers' Compensation Act. Appellants timely filed notice of appeal from this ruling.

One issue is presented for our review:

Did the Workers' Compensation Court err when it held that a claimant may receive benefits under both the Occupational Disease Act and the Workers' Compensation Act?

The standard for review in workers' compensation cases differs with findings of fact and conclusions of law. When

reviewing questions of fact, our examination is limited to whether the record contains substantial credible evidence supporting the court's findings. Ridenour v. Equity Supply Co. (Mont. 1983), 665 P.2d 783, 40 St.Rep. 1012. When reviewing questions of law, or how particular findings of fact apply to the law, our scope of review is much broader. The appropriate standard of review is simply whether the lower court's interpretation of the law is correct. "We are not bound by the lower court's conclusion and remain free to reach our own." Wassberg v. Anaconda Copper Co. (Mont. 1985), 697 P.2d 909, 912, 42 St.Rep. 388, 391. Sharp v. Hoerner Waldorf Co. (1978), 178 Mont. 419, 584 P.2d 1298.

The issue in this case is one of law. Appellants contend the Workers' Compensation Court erred when it reversed the hearing examiner's ruling that Poppleton's workers' compensation claim is barred by res judicata. Appellants claim that because Poppleton could have raised the issue before the Workers' Compensation Division that she suffered a compensable injury, she cannot raise that issue now.

In Brault v. Smith (Mont. 1984), 679 P.2d 236, 239, 41 St.Rep. 527, 530, citing Fox v. 7-L-Bar Ranch Co. (1982), 198 Mont. 202, 645 P.2d 929, this Court held the necessary criteria for applying the doctrine of res judicata are:

> (1) the parties or the privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and relate to the same subject matter; and (4) the capacities of the persons must be the same in relation to the subject matter and issues between them. [Emphasis added.]

The doctrine of res judicata will not hold if any of the cited sections are not present. In the case at bar, it is apparent that the issues involved in claims for benefits under the Workers' Compensation Act and the Occupational

4

Disease Act are not the same. Under the Workers' Compensation Act, an injury is defined as "a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom and excluding disease not traceable to injury . . ." Section 39-71-119, MCA. Under the Occupational Disease Act an occupational disease is defined as "all diseases arising out of or contracted from and in the course of employment." Section 39-72-102(11), MCA. The definition of "injury" and "occupational disease" have different requirements. Although it is possible that a worker could suffer an injury and an occupational disease arising out of a single incident, it does not follow that the above-mentioned legal definitions are the same or even similar.

Res judicata has been defined further as ". . . a judicially created doctrine which literally means a matter adjudged. A final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated." 46 Am.Jur.2d Judgments, § 394. (Emphasis added.) Res judicata requires that a "court of competent jurisdiction" has rendered a final judgment.

Poppleton initially brought her claim for benefits to the Division, where, without any factual determination, "occupational disease" was stamped on Poppleton's application. The Division then found that Poppleton had suffered an occupational disease and awarded benefits. The Division of Workers' Compensation is authorized to determine whether a claimant has suffered an occupational disease. Section 39-72-202, MCA. However, the Division is not authorized to consider any claim under the Workers' Compensation Act. Section 39-71-2905, MCA, states in pertinent part: ". . . The

5

workers' compensation judge has exclusive jurisdiction to make determination under Chapter 71 [workers' compensation] . . . ."

When the Division determined that Poppleton suffered an occupational disease, it effectively rendered Poppleton unable to choose her remedy. We have previously held that a claimant is entitled to choose her remedy, whether under the "Occupational Disease Act" or under the "Workers' Compensation Act." Ridenour v. Equity Supply Co. (Mont. 1983), 665 P.2d 783, 40 St.Rep. 1012. In the case at bar, Poppleton was not given the opportunity to pursue her choice of remedy. Secondly, Poppleton was not allowed to seek such remedy before a court of competent jurisdiction. Accordingly, we hold res judicata does not apply.

Secondly, appellants claim Ridenour, supra, cannot apply because it was decided after a final determination had been rendered in Poppleton's occupational disease claim. The general rule is that a rule of law will not be applied retroactively if any of the factors listed below are present. The three factors to consider are outlined in LaRogue v. State (1978), 178 Mont. 315, 319, 583 P.2d 1059, citing Chevron Oil v. Huson (1971), 404 U.S. 97, 106, 107, 92 S.Ct. 349, 30 L.Ed.2d 296:

> First, [1] the decision to be applied nonretroactively must establish a new principle of law either by overruling established precedent on which litigants have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the merits of each case must be weighed by looking to the history, purpose and effect of the rule in question and [2] whether retroactive application will further or retard its operation. Finally, [3] the inequity of retroactive application must be considered, for

> where substantial inequity will result from such application, a ruling of nonretroactivity is proper. [Emphasis added.]

The first factor when considering a rule of nonretroactive application is that the decision must establish a new principle of law. However, when the former rule of law is unclear, retroactive application is correct. LaRogue v. State (1978), 178 Mont. 315, 319, 583 P.2d 1059, 1061, citing Hanover Shoe v. United Shoe Machinery Corp. (1968), 392 U.S. 481, 496, 88 S.Ct. 2224, 2233, 20 L.Ed.2d 1231.

The second factor is whether the retroactive application of the rule, i.e., Ridenour, will retard or further the rule's application. We hold that because Poppleton had the right to choose her remedy, a retroactive application of Ridenour is necessary to further the rule.

Finally, we must consider what inequities may result from retroactive application. We held that Poppleton had the right to choose benefits under either the Workers' Compensation Act or the Occupational Disease Act. It is, therefore, not inequitable to allow Poppleton to seek a remedy which she was formerly entitled to pursue.

In Ridenour v. Equity Supply Co. (Mont. 1983), 665 P.2d 783, 40 St.Rep. 1012, we held that when a claimant could meet the requirements of both the Occupational Disease Act and the Workers' Compensation Act, the claimant would be allowed to choose his remedy.

> . . . [A]lthough [a] claimant may have had a compensable disease under the Occupational Disease Act, that status did not preclude eligibility under the Workers' Compensation Act. In other words, a particular claimant could meet the requirements of both acts, thus he would be allowed to choose his remedy.

7

> To allow an election between the acts
> does not violate the exclusive language
> of section 39-72-305, MCA. The legisla-
> ture only intended that an employee not
> have a common law action against his
> employer.

Ridenour, 665 P.2d at 786, 40 St.Rep. at 1015.

Today, we hold no opinion as to whether Poppleton suffered a compensable injury. We do hold Poppleton may seek her remedy under either the Workers' Compensation Act or under the Occupational Disease Act. A claimant may seek benefits under the Workers' Compensation Act or the Occupational Disease Act; however, a claimant may not receive benefits under both Acts.

We remand and order the Workers' Compensation Court to determine if Poppleton suffered a compensable injury entitling her to workers' compensation benefits. If the Workers' Compensation Court so determines, Poppleton's award of workers' compensation benefits must be offset by the amount of benefits that Poppleton previously received under the Occupational Disease Act.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

8