MR. JUSTICE SHEEHY
delivered the Opinion of the Court.
Defendants Anderson-Meyer Drilling Company and Home Insurance Company appeal from the judgment of the Workers’ Compensation Court. The Workers’ Compensation Court held that Frank Weigand is not barred from compensation by the statute of limitations provision, Section 39-71-601(1), MCA. The court further held that the Weigand’s present condition is the result of a previous compensable injury and thus the defendants are liable. We affirm.
The defendants present two issues on appeal. They are:
(1) Whether the Workers’ Compensation Court erred in finding that Weigand satisfied the filing requirements of Section 39-71-601(1), MCA; and,
(2) Whether there was sufficient evidence to support the Workers’ Compensation Court’s conclusion that Weigand’s present condition is the result of his February 11, 1982, injury.
On February 11, 1982, Frank Weigand injured his left knee when he slipped on ice and hit his knee cap on the angle iron steps of the defendant’s oil rig. It is uncontested that Weigand suffered an industrial accident arising out of and in the course of his employment with Anderson-Meyer Drilling Company. Anderson-Meyer was enrolled under Plan II of the Worker’s Compensation Act with Home Insurance Company being its insurer.
Weigand immediately informed his supervisor of the injury but was able to finish his shift. Weigand had his knee examined at Trinity Hospital in Wolf Point. The examination revealed an injury to the lateral cartilage of the left knee requiring surgery. The operative report revealed that Weigand had an “extremely degenerative (shredded) left lateral meniscus” which was removed during surgery. *392 Following a brief stay in the hospital Weigand was released and immediately returned to work.
Subsequent to the accident Weigand assisted the defendant/employer in completing a Employers First Report, which was filed with Home Insurance. The attending surgeon also filed the attending Physician’s First Report with the insurer as well as his bill for $839.69. Trinity Hospital in Wolf Point submitted a bill to the insurer for Weigand’s surgery in the amount of $2,260.15. These bills were paid by the insurer along with some smaller additional charges and are not an issue in the case.
Weigand’s work history subsequent to his 1982 injury consists ,of oil field jobs and ranch work. While working on his father’s ranch during the summer of 1985 Weigand began experiencing increasing pain in his knee. Weigand’s pain was not due to a new injury or accident but appeared to be the result of everyday wear and tear on the previously injured knee. In August, 1985, Weigand had his knee examined by Dr. James Hinde. Hinde found that Weigand had a degenerative left knee. Hinde felt although there was some deterioration prior to the 1982 injury, the condition was significantly aggravated by the fall and resulting surgery. Hinde further found that the 1982 injury and the subsequent surgery are significant factors in the continued degeneration of Weigand’s knee. Hinde concluded that it was his opinion that Weigand’s degenerative knee condition would preclude him from engaging in any of his former occupations.
Although the insurer had sent Weigand at least two letters instructing him to complete a Form 54 immediately following the accident, he failed to do so. (Form 54 is the standard claim form utilized by insurers). However, Weigand did file a Form 54 compensation claim in March, 1986.
The defendant denied Weigand’s claim for compensation contending that Weigand did not file a claim within one year as required by Section 39-71-601, MCA. The defendant further alleged that Weigand’s present difficulties were not the result of his 1982 injury. On June 10, 1986, the Worker’s Compensation Court held a hearing on the matter. The court concluded that the requirements of Section 39-71-601, MCA, had been satisfied and that Weigand’s current condition is the result of his injury in 1982. From this judgment the defendants appeal.
The first issue that must be examined is whether the Workers’ Compensation Court erred in finding that Weigand satisfied the filing requirements of Section 39-71-601(1), MCA. When reviewing *393 questions of law in workers’ compensation cases, the standard of review is whether the lower court’s interpretation of the law is correct. Poppleton v. Rollins, Inc. (Mont. 1987), [226 Mont. 267,] 735 P.2d 286, 288, 44 St.Rep. 644, 646. We conclude that the Workers’ Compensation Court correctly interpreted the law.
In the immediate case it is uncontested that Weigand was injured in an industrial accident in February, 1982, and that he failed to file a Form 54 within one year. Weigand did, however, assist in preparing the Employer’s First Report. Thus, the issue before the Court is whether submission of a Form 54 is the exclusive method of filing a claim.
The focal point of the controversy is Section 39-71-601, MCA. It provides:
“Statute of limitation on presentment of claim - waiver. (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.”
In Scott v. Utility Line Contractors (Mont. 1987), [226 Mont. 154,] 734 P.2d 206, 44 St.Rep. 547, this Court had an opportunity to construe Section 39-71-601, MCA, under very similar circumstances. In Scott, as in the present case, the claimant was injured in 1982 and sought to file a compensation claim in 1986. The claimant in Scott also did not file the standard workers’ compensation claim Form (Form 54) for his injury, nor did he sign the Employer’s First Report. However, there was a completed Employer’s First Report submitted to the insurer as well as a medical report which was also submitted to the insurer. This Court affirmed the decision of the Workers’ Compensation Court finding Scott presented his claim within one year, thus satisfying Section 39-71-601, MCA. We held the Employer’s First Report contained ample information to clearly inform the employer and the division of the nature and basis of Mr. Scott’s possible claim. Scott, 734 P.2d at 208, 44 St.Rep. at 547. This Court further stated the medical report included indications that a claim could likely result from Scott’s injury. Scott, supra.
In the present case Weigand immediately told his supervisor of the accident. Weigand assisted the employer in completing the Employer’s First Report, which was submitted to the insurer within two months of the accident. The attending physician’s first report was also submitted to the insurer well within the twelve-month period. *394 In this case as in Scott, the defendant was provided with and received ample information to be informed of the nature and the basis of Weigand’s possible claim. We find that the mandate of Section 39-71-601(1), MCA, has been satisfied.
This issue is controlled by the holding in Scott. The facts are nearly identical except as to the time involved. The earlier case of Klein v. Independent Wholesale Associated Grocers, et al. (1975), 167 Mont. 341, 538 P.2d 1358, was not discussed in Scott, and here the employer and insurer rely on Klein. The deciding point, however, is that there was presented to the employer, and through the employer to the insurer, by the assistance of Weigand, information in writing which gave all the details that a further form to be filled out and presented by Weigand would have given. The purpose of Section 39-71-601 is fulfilled here. We determine to follow the holding in Scott, and anything contained in Klein or earlier cases to the contrary on this set of facts is expressly overruled.
The purpose of Section 39-71-601, MCA, is to give the employer written notice of a worker’s claims within twelve months of the injury or accident in order to allow the employer to investigate the claim and if necessary prepare a defense. Scott, supra. The facts of the present case clearly demonstrate that the objective of the statute has been achieved. We affirm the judgment of the Workers’ Compensation Court finding that Weigand presented his claim within the time limits expressed in Section 39-71-601, MCA.
The defendants next contend the Workers’ Compensation Court erred in finding that there was substantial credible evidence to support the conclusion that Weigand’s current condition is the result of his February 11, 1982, injury. We disagree.
The standard for reviewing the Workers’ Compensation Court’s findings of fact is whether the court’s findings are supported by substantial credible evidence in the record. Poppleton, 735 P.2d at 288, 44 St.Rep. at 646. In the instant case, Dr. Hinde testified that although Weigand had a degenerative left knee prior to his 1982 injury the condition was aggravated by the injury. Hinde further testified that Weigand’s 1982 injury and the subsequent surgery are significant factors in the degenerating condition of Weigand’s knee.
“Our function in reviewing these decisions is only to determine whether substantial evidence exists to support the findings and conclusions and we cannot impose our judgment as to the weight of the evidence.”
Ridenour v. Equity Supply Co. (1983), 204 Mont. 473, 483, 665 *395 P.2d 783, 788, citing Viets v. Sweet Grass County (1978), 178 Mont. 337, 583 P.2d 1070.
It is clear from the evidence in the record that substantial credible evidence exists to support the Workers’ Compensation Court’s finding that Weigand’s present condition is the result of his injury of February 11, 1982. The judgment of the Workers’ Compensation Court is affirmed. The case is remanded for a determination of benefits.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES McDON-OUGH and HUNT concur.