No. 89-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE WORKERS' COMPENSATION
DEATH BENEFITS OF RICHARD GAITHER

APPEAL FROM:    Workers' Compensation Court
                The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                John  B.  Whiston  argued,  Rossbach  &  Whiston,
                Missoula, Montana

        For Respondent:

                Larry W. Jones argued, Garlington, Lohn & Robinson,
                Missoula, Montana

                Michael Hoff, Seattle, Washington

                                Submitted:  April 24, 1990

                                Decided:  August 21, 1990

Filed:

_____
                                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

This case involves the rights to benefits under the Workers' Compensation law where the decedent who died in the course of his employment is survived by two children of a prior marriage, and by the widow of a second marriage through whom he had no children. We determined here that the surviving widow may waive or abandon her right to benefits; and that upon such waiver the surviving children are entitled to no more than their proportionate share of the benefits provided by law. In so holding we affirm in part and reverse in part the judgment of the Workers' Compensation Court.

Richard M. Gaither married Donna L. Paulson in Maryland on December 8, 1973. Two children were born of the marriage, Heather, on December 24, 1976, and Heidi on January 30, 1978.

On December 31, 1979, Richard and Donna were divorced in Maryland, custody of the children being awarded to their mother, with Richard obligated for their support. However, on December 9, 1981, with the consent of both Richard and Donna, the two children were adopted by their then stepfather, George A. Yorkston, to whom Donna had remarried. Substitute Certificates of Birth were issued by the State of Maryland for each of the children.

On December 24, 1984, Richard married Laurie K. Baugher at Seattle, Washington, a marriage that was in effect at the time of his death.

Richard and Laurie maintained a home in Edmonds, Washington, though Richard spent most of the six months preceding his death in

2

Helena, Montana. He was employed as a pilot by Corporate Air of Billings, Montana. While acting in the course and scope of his employment on February 3, 1988, and subject to the benefits and obligations of the Workers' Compensation Law of Montana, Richard was killed in the crash of an airplane owned by Minuteman Aviation, a Montana corporation.

No litigation ensued respecting the liability of Minuteman or others, relating to Richard Gaither's death. However his insurer and others with potential liability for death claims settled with the widow, Laurie, in a structured settlement for substantial sums, which have been paid and are to be paid in escalating amounts monthly until May 15, 2009. The approximate accumulation of funds should she live to that date will be in the sum of $758,800.00. After that date, and for the remainder of her life, she will receive the sum of $3,000 per month.

Heather and Heidi are not parties to the structured settlement, and derived no benefit therefrom. Laurie, as the surviving widow never filed a claim for Workers' Compensation benefits, though one was prepared and filed by Corporate Air, Richard's employer. Travelers Indemnity Insurance Company, the compensation carrier for Corporate Air, upon such filing, began paying one-third (1/3) of the compensation benefits to Laurie, as Richard's widow and beneficiary, and reserved two-thirds (2/3) of the benefits pending final determination of the children's status as beneficiaries. Laurie advised Travelers, on April 25, 1988 that she did not wish to receive any Workers' Compensation benefits and

3

returned those she had previously been issued by Travelers. Since April 28, 1988, all benefits have been held in reserve pending the final ruling of the courts in these proceedings.

Travelers petitioned the Workers' Compensation Court for a declaratory ruling on August 23, 1988. The issues before the Workers' Compensation Court were (1) whether the widow could legally renounce her benefits entitlement, and (2) whether the adoption of the children by the mother's second husband terminates their entitlement to death benefits, thereby mandating 100 percent of the benefits to be payable to the widow. Jurisdiction of the petition was properly before the Workers' Compensation Court by virtue of its authority to issue declaratory rulings within the subject jurisdiction of the Workers' Compensation Laws of Montana. State ex rel. Uninsured Employees' Fund v. Hunt (Mont. 1981), 625 P.2d 539.

On March 24, 1989, the Workers' Compensation Court determined that the widow could not waive death benefits as a matter of public policy, and that the children's interest in the benefits would vest only if the widow died or remarried prior to the passing of 500 weeks after the death of Richard Gaither.

The children filed a request for rehearing on April 11, 1989. In its order of April 25, 1989, the Workers' Compensation Court modified its earlier order, finding the children to be the stepchildren of the surviving widow, and the three therefore entitled to death benefits, to be equally divided between all parties.

4

The children appeal to this Court the determination that the surviving spouse is compelled to receive benefits she did not claim or intended to waive and contend that the children should each receive one-half of all the benefits available; Travelers cross-appeals the determination that the children are proper beneficiaries.

On this appeal the issues raised by the children are:

1. Did the Workers' Compensation Court err in holding that the surviving spouse's right to Workers' Compensation death benefits was not barred by the statute of limitations?

2. Did the Workers' Compensation Court err in holding that the surviving spouse could not waive Workers' Compensation death benefits?

The issue raised by the respondent Travelers Indemnity Insurance Company on appeal is:

Did the Workers' Compensation Court err in holding that the Workers' Compensation death benefits should be equally divided among the surviving spouse and the decedent's two children?

Statute of Limitations

Section 39-71-601, MCA, states in part:

(1) In case of personal injury or death, all claims must be forever barred unless presented in writing to the employer, the insurer, or the department, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.

In this case, the claim for benefits was filed not by the surviving widow, nor by the beneficiaries, but by the employer, Corporate Air. The children contend that this filing by Corporate

5

Air means nothing, that § 39-71-601, MCA, has not been complied with, and that therefore the claim was not properly filed under the mandatory provisions of the statute.

The children also argue that this Court has interpreted the filing requirement under § 39-71-601, MCA, to be mandatory. They cite Miller v. City of Billings (1976), 171 Mont. 91, 96, 555 P.2d 747, 752, in which this Court stated that "[t]he filing requirements of section 92-601, R.C.M. 1947 (now § 39-71-601), are mandatory in nature and compliance is essential to the existence of a right to have proceedings to compel payment of compensation." See also Devlin v. Galusha, Higgins & Galusha (1982), 202 Mont. 134, 655 P.2d 979.

The children also cite Ricks v. Teslow Consolidated (1973), 162 Mont. 469, 483, 512 P.2d 1304, 1312, for this Court's determination that "the duty is upon the claimant to file his claim, not upon the insurer to solicit claims." Children maintain that the employer or insurer took the initial step of soliciting a claim on behalf of the widow, when the widow voluntarily chose not to pursue a claim. They assert that Travelers is not a party legally authorized to file a claim on behalf of the widow in this instance, as set out in the statute.

Travelers contends that § 39-71-601 in no way prohibits the filing of a claim by a non-beneficiary. For support, Insurer cites Scott v. Utility Line Contractors (1987), 226 Mont. 154, 734 P.2d 206, and Weigand v. Anderson-Meyer Drilling Co. (1988), 232 Mont. 390, 758 P.2d 260. In both Scott and Weigand, the issue relating

6

to § 39-71-601 was whether claimants initiated the filing procedure in a manner sufficient to give adequate notice of the claimant's injury. In both cases this Court determined that the claimants substantially complied with the statute by notifying employers and insurers of the injury, resulting in a written notification, ruled to be acceptable as a claim. That claimants in most cases initiated the filing process was a focal point in this Court's determination that the requirements of § 39-71-601 will be broadly applied as to the sufficiency of notice.

None of these cases interprets § 39-71-601 adequately and addresses the issue at hand. We have a unique situation, in that the claimant and the insurer are arguing the reverse of their customary positions. The children argue that the claim did not meet the guidelines of the statute, and no benefits should be paid to the widow, while the insurer argues the claim met the statutory standard, and the insurer is obligated to pay the death benefits to the widow.

The Workers' Compensation Court, faced with no clear guidelines in this unique situation, held the statute of limitations defense to be available only to the insurer. The court stated:

> What effect, if any, does the widow's rejection of benefits have? We believe none. The children argue that since the widow did not file a "claim" for benefits within one year of death, she is not entitled to benefits because the statute of limitations precludes payment. However, the statute of limitations is a defense available to an insurer, not to other potential claimants. In this case, the insurer commenced payment of benefits immediately upon the death of Mr. Gaither.

7

The generally accepted underlying policy and objective of statutes of limitations is to "compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend."  51 Am.Jur.2d 602, <u>Limitations of Actions</u>, § 17.

The bar of a statute of limitations is an affirmative defense (Rule 8(c), M.R.Civ.P.) generally, in Workers' Compensation cases, to be raised by the insurer or the employer.  While the claim in this case was not filed by a party specifically authorized to file a claim under the statute, there is no need for us or the Workers' Compensation Court to apply the statute strictly where the underlying policy of such limitations statutes is not contravened. In this case each party had a fair opportunity to present the issues to the Workers' Compensation Court and the filing was within the statutory time.  For those reasons we decline to apply the statute of limitations upon the grounds that a claim has been filed by a person not specifically authorized under § 39-71-601, MCA.

<u>Waiver of Benefits by Widow</u>

Travelers contends that the Workers' Compensation Court erred in its determination that the widow cannot waive death benefits. The Court stated:

> Petitioner [Travelers] submits that public policy requires that compensability be acknowledged. We concur. To allow the widow to waive benefits is a commendable purpose for the children. Yet the employer is thereby precluded from any benefit of a subrogation entitlement by its insurer.  The public policy of workers' compensation is to mandate coverage for both the employer and employee. As such, injury caused by a third-party tortious wrongdoer is the subject of a subrogation right by the work comp insurer, which thereby reduced the

8

tortious wrongdoer is the subject of a subrogation right by the work comp insurer, which thereby reduced the employer's obligation for premium reflecting the loss. The argument presented by the widow and the children would preclude participation in the third-party settlement by the employer, since they did not participate in that action.

The children contend that the Workers' Compensation Court has confused the public policy of mandatory <u>coverage</u> with a supposed public policy mandatory receipt of benefits. Section 39-71-409, MCA, states:

> <u>Waivers by employee invalid</u>. No agreement by an employee to waive any rights under this chapter for any injury to be received shall be valid.

It is obvious that the foregoing statute is not applicable to the facts here. The waiver is not from an employee but from a beneficiary, and the statute contemplates a waiver before the injury is received.

Travelers, however, maintains that the widow in this case may not waive her right to benefits under the Workers' Compensation law. Travelers argues that there is a public policy declaration in § 39-71-105, MCA, which makes it an objective of the Montana Workers' Compensation system to provide, without regard to fault, wage supplement and medical benefits to a worker suffering from a work-related injury or disease. Travelers maintains that such public policy brings this case within the exception provided in § 1-3-204, MCA, which states:

> <u>Waiver of benefit of a law</u>. Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement.

9

It must be recognized that there is a broad public policy that a workers' compensation system be provided, that workers should be protected under such a system, and that the beneficiaries also be protected in their rights. In upholding the constitutionality of the original Workers' Compensation Act, this Court held that an employee may waive the advantage of any provision of law that was intended solely for his benefit as long as the waiver does not violate public policy. Shea v. North-Butte Mining Company (1919), 55 Mont. 522, 179 P. 499. In this case, once the death of Richard occurred, and with the filing of the claim for benefits, there vested in Laurie, as the surviving widow, a right to benefits under the workers' compensation laws of this state. The right to receive those benefits was personal to Laurie, and undoubtedly she had the right to waive or abandon the same. Section 1-3-204, MCA; H. Earl Clack Company v. Staunton (1937), 105 Mont. 375, 72 P.2d 1022; Anaconda Copper Mining Company v. Ravalli County (1919), 56 Mont. 530, 186 P. 332; Bush v. Baker (1913), 46 Mont. 535, 129 P. 550.

Cross Appeal: The Children's Benefits

Travelers contends that the Workers' Compensation Court erred in holding that death benefits should be paid to the surviving children of the decedent.

The children contend on the other hand that since the widow has waived any right to benefits, they are entitled to split her share, in effect, granting one-half interest in all benefits to each of the two surviving children.

The Workers' Compensation Court had originally held that the

10

vested only if the widow died or remarried prior to the expiration of 500 weeks after the death of Richard. On rehearing, the Court reversed itself stating:

> This Court's prior order was clearly erroneous in concluding that the surviving children are contingent beneficiaries only, since there was a surviving spouse. Though we acknowledge the fact that the term "step-children" is not defined in the Workers' Compensation Act, clearly the natural children of the deceased are the step-children of the surviving spouse and, accordingly, are entitled to benefits under the provisions of Section 723. The prior ruling of this Court, holding otherwise, is expressly modified.

The statute which provides for division of benefits among beneficiaries is § 39-71-723, MCA, which states in part:

> Compensation due to beneficiaries shall be paid to the surviving spouse, if any, or if none, then divided equally among or for the benefit of the children. In cases where beneficiaries are a surviving spouse and stepchildren of such spouse, the compensation shall be divided equally among all beneficiaries.

In construing the foregoing statute, we use the definitions provided in the statutes for terms used in § 39-71-723, MCA. Section 39-71-116, MCA, includes the definitions of "child" and of "beneficiary." Under § 39-71-116, MCA, a "child" includes a child legally adopted prior to the injury. Under that definition, each of the children here involved is a child in the contemplation of the Workers' Compensation Act. Likewise, the word "beneficiary" includes an unmarried child under the age of 18 years. Section 39-71-116(2)(b), MCA. Each of the children here also qualify as a beneficiary. None of the statutes define a "stepchild" so we look to the common meaning of that term. A "stepchild" is a child of one's wife or husband by a former marriage. Websters' New

11

Collegiate Dictionary (1981).

In applying those terms and definitions to § 39-71-723, MCA, above, we determine that the "beneficiaries" in this case are surviving spouse Laurie, and Heather and Heidi, who are stepchildren of Laurie. As such, under the same statute, the compensation is to be divided equally among them.

However, the widow, Laurie, has waived or abandoned the share to which she would be entitled under § 39-71-723, MCA. Counsel for the children contends that since a priority claimant has made no claim for compensation death benefits, the case should proceed as if that claimant had not existed. 2 Larson, Workers' Compensation Law, Section 64.34, at 11-231 through 11-232.

Notwithstanding this argument, that would not be a proper result in this case. On the death of Richard, the right to benefits after a claim was properly filed vested in each of the beneficiaries entitled under § 39-71-723, MCA. That vested right is personal to each of the beneficiaries here involved. The fact that Laurie waived or abandoned her right to benefits does not operate to increase the benefits otherwise allocable to the children. The language of § 39-71-723 is clear that where beneficiaries are a surviving spouse and stepchildren of the spouse, compensation shall be divided equally among all the beneficiaries. Each child is entitled to one-third of the compensation under the facts of this case, an entitlement which is not affected by the waiver or abandonment by the spouse either to increase or to decrease that amount.

12

<u>Result</u>

Accordingly, we affirm the Workers' Compensation Court that the claim in this case was not barred by the statute of limitations; and that Heather and Heidi are each entitled to one-third of the Workers' Compensation benefits. We reverse the Workers' Compensation Court in its holding that the surviving widow, Laurie, could not waive her right to receive benefits under the Workers' Compensation Law. Although the subject was referred to in the Workers' Compensation Court's order, we have no issue of subrogation before us in this case at this time. Costs to the children.

_____
                                                Justice

We Concur:

_____
          Chief Justice

_____

_____

_____

_____

_____
            Justices