JUSTICE RICE
dissenting.
¶38 I respectfully dissent.
¶39 Leaving for another day some of the Court’s philosophical musings about the source of the law, in particular, that the law is that which is declared by judges, I nonetheless appreciate the Court’s effort to meld our conflicting precedent into a practical rule. However, I cannot agree with the new rule because it is inconsistent with additional precedent which the Court neither overrules nor reconciles. Further, I believe this Court will need, as demonstrated recently in Ereth, the flexibility of the Chevron test on questions concerning the prospective application of our holdings. I would retain this test, which, as the Court notes, the United States Supreme Court specifically allows states to do.
¶40 Taking up the first prong of the Chevron test, which the Court today re-casts as the exception to its new rule of presumptive retroactive application, the Court rejects Allstate’s argument that *220 Hardy established a new principle of law, relying on our cases which “indicated that anti-stacking policies were discouraged by this Court and contrary to public policy” and which the Court asserts had given “notice to the insured and insurers of this state that the statute was of questionable validity.” See ¶ 34. The Court fails to mention, however, that all of the cases it cites were decided prior to the enactment of the anti-stacking statute by the Legislature in 1997. Therefore, these prior holdings, including the “notice” the Court had provided about this state’s public policy, had, by the time of the Hardy decision, been superseded by legislative enactment. Thus, the statutory prohibition on stacking was the public policy of the state when Allstate issued the insurance policy herein, and we indeed overruled that public policy by declaring the statute unconstitutional.
¶41 The Court then faults Allstate’s reliance on Guiberson’s application of the anti-stacking statute because that case “said nothing regarding the statute’s legality.” See ¶ 35. However, it did not need to. “Statutes are presumed to be constitutional.” Lafournaise v. Montana Developmental Center, 2003 MT 240, ¶ 26, 317 Mont. 283, ¶ 26,77 P.3d 202, ¶ 26, citing Romero v. J & J Tire (1989), 238 Mont. 146, 149, 777 P.2d 292, 294. Allstate was therefore justified in its reliance on a statute which had legislatively established this state’s public policy with regard to stacking and which was presumptively constitutional. ¶42 Consequently, the new principle of law thus established in Hardy should, according to our precedent, be applied prospectively. See Poppleton v. Rollins, Inc. (1987), 226 Mont. 267, 271, 735 P.2d 286, 289 (“[A] rule of law will not be applied retroactively if any of the [Chevron factors] are present.” (emphasis added)). That being so, it is unnecessary for purposes of this dissent to discuss the other two Chevron factors. The Court cites no authority in support of its new requirement that all three Chevron factors be met in order to apply a holding prospectively, and further, fails to acknowledge or overrule the contrary rule of Poppleton. Poppleton is, of course, implicitly overruled by the Court’s holding herein, along with our other cases which, wisely in my view, applied the Chevron test.